## KEARSING v. KILIAN et al.

M., THE owner of land, executes a mortgage to K. to secure a note of B. The holder of the note and mortgage brings suit to foreclose, making M. alone defendant, but asking no personal judgment against him or B.: *Held*, that B. was not a necessary party to the suit, and that a purchaser at Sheriff's sale, under the decree, acquires the title.

K. owned certain premises and conveyed them by deed to M. in 1853. In 1854 M. redelivered the deed to K.: *Held*, that such redelivery did not retransfer the title to K.

APPEAL from the Twelfth District.

Ejectment for a lot in the county of San Francisco. The complaint is in the ordinary form. The defendants plead the general issue and set up title in Kilian.

In 1853, defendant Kilian claimed to be the owner in fee simple and had the possession of the lot in controversy, and then sold it by deed of conveyance to John A. May. May, in 1854, by deed of mortgage, mortgaged it to one Kenyon to secure the payment of a promissory note for two hundred dollars, which had been given by Kilian to Kenyon. Kenyon assigned the note and mortgage to W. W. Battles. In 1856, Battles instituted a foreclosure action in the District Court of the Twelfth District, to enforce the lien upon the mortgaged premises. He did not make Kilian a defendant, and claimed no personal judgment against May. May appeared in the suit. A decree was rendered in favor of Battles, and an order of sale issued; under it the lot was sold to Battles, and May failing to redeem, he obtained a deed from the Sheriff. Afterwards Battles conveyed the land to Atwill; Atwill conveyed to Cook; Cook conveyed to Herring, and he to plaintiff.

On the trial, plaintiff deraigned title through the foreclosure suit of *Battles* v. *May*, and offered in evidence the record and proceedings in that case, with the order of sale, Sheriff's return thereon, deed, etc. Defendants objected; objection overruled; they excepting. Plaintiff had judgment. Defendants appeal.

*Geo. F. & W. H. Sharp*, for Appellant.

1. The principal debtor in the foreclosure suit of *Battles* v. *May* not being made a party defendant, the record in that suit was inadmissible against appellants. (*Goodenow* v. *Ewer*, 16 Cal. 461; *McMillan* v. *Richards*, 9 Id. 409; *Dillon* v. *Byrne*, 5 Id. 455; *Ord* v. *McKee*, Id. 515.)

2. The legal estate being in appellant Kilian at the time the foreclosure suit was commenced, he was an indispensable party; hence the decree was not binding upon him. (*Edsworth* v. *Lamber*, 4 Johns. Ch. 605; *Haines* v. *Beach*, 3 Id. 459; *McGonn* v. *Yerks*, 6 Id. 450; *Wheeler* v. *Van Kuren*, 1 Barb. Ch. 490; *Reed* v. *Marble*, 10 Paige, 409; *Hall* v. *Nelson*, 23 Barb. 88.)

*John McHenry*, for Respondent.

1. The object in the suit of *Battles* v. *May* being simply to enforce a lien against the mortgaged premises, Kilian was not a necessary party.

2. There was no evidence offered by defendants showing that May ever conveyed the premises back to Kilian.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The mortgage of May to Kenyon was to secure the promissory note of Kilian. In the suit for the foreclosure of the mortgage Kilian was not made a party, and this fact constitutes the ground of the objection urged to the introduction of the record in the suit. Under the decree rendered the sale was made, upon which the plaintiff relies as the source of his title.

There is no force in the objection. Kilian had no interest in the premises at the time the foreclosure suit was commenced and the decree rendered, and no personal claim was made against him upon the note for any deficiency which might remain after the application of the proceeds of the sale to its payment. Under these circumstances he was not a necessary party to the suit.

The position assumed as the basis of the second ground of appeal, that the legal estate was in Kilian by a conveyance from May previous to the execution of the mortgage, is unsupported by the evidence. It is clear from the testimony of Williams, who acted as counsel of the parties, that the deed delivered by May to Kilian was only the original deed executed to May himself, and not an instrument conveying any interest from him. Kilian originally owned the premises, and in 1853 conveyed them by deed to May. The redelivery back of that deed of conveyance in 1854 did not operate to retransfer the title.

Judgment affirmed.