Diver et al v. Friedheim.

## DIVER ET AL. v. FRIEDHEIM

1. TAX SALE: *When land purchased from U. S. is subject to taxes.*
   Land purchased from the United States becomes subject to taxes as soon as the entry is made and the price paid, though no patent has been issued; but until the price has been fully paid, however long after the entry, the land can not be taxed, and a sale for taxes is void;

2. TITLE TO LAND:  *Surrender of deed by grantee to grantor.*
A grantee can not re-vest his grantor with title to land by return-
ing the deed to him.

APPEAL from *Ouachita* Circuit Court in Chancery.
Hon. C. E. MITCHELL Circuit Judge.

*Barker & Johnson* for appellants.

The parol purchase from L. R. Meek by J. L. Meek was
valid, as he paid purchase money, and was then entitled to
possession and title.    *Carroll v. Wilson*, 21 *Ark.* 32; *McNeal
v. Jones* 21 *Ark.* 279.    Appellant's deed should be canceled
for fraud on his part, as he paid nothing for it, and had no-
tice of the right of appellant.    *Wynn v, Garland* 19 *Ark.* 23;
*Sheilds v. Tramel et al.* 19 *Ark.* 61; *Cook v. Bronawgh* 13
*Ark.* 183.

The decree below should be reversed, even if the deed of
appellee should not be canceled, because appellant should be
entitled to have the purchase money of the land refunded to
him, at least his cost, and the $100.    *Kelly heirs v. McGuire
et al.* 15 *Ark* 593.

The cause of appellee was barred by Statute of Limitation,
appellant and those under whom he claims having been in
peaceable, adverse possession for more than seven years be-
fore suit brought, and which is got up in the answer and
cross-bill.    *Gantt's Digest, Sec.* 4113.

*H. G. Bunn* for appellee.

The title of the land in controversy remained in the U. S.
until the right to a patent, by the purchaser, was complete;
and as L. R. Meek, the original purchaser, had not paid the
full amount due to the U. S., it was not subject to taxation,

Diver et al v. Friedheim.

<sup>a</sup>nd a sale of the land for non-payment of taxes thereon was void.

The right to the patent was not complete until payment of all money due on all the land.

The law, as applicable to this case, is fully discussed and definitely settled in 16 *Wallace U. S. p.* 603 *and* 22 *Wallace p.* 460.

SMITH, J. Friedheim brought ejectment against Diver for W. $\frac{1}{2}$ N. E. $\frac{1}{4}$, E. $\frac{1}{2}$ N. W. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ S. E. $\frac{1}{4}$ Sec. 17, T. 12 S. R. 18 W. The evidences of his title consisted of a patent from the United States to Linzey Meek, made in the year 1881, but based upon an entry in 1860, and deeds of conveyance from the patentee and his wife to the plaintiff in 1880 and 1881.

Diver's chain of title was, 1st. A deed made in 1876 by Linzey Meek to one Donaldson for E. $\frac{1}{2}$ N. E. $\frac{1}{4}$, S. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ S. E. $\frac{1}{4}$ of said section 17 ; 2d. An alleged lost deed from Donaldson to J. L. Meek ; and 3d. A deed of J. L. Meek to Diver for the same lands that are described in the deed to Donaldson. The answer alleged that there was a misdescription of the first tract ( E. $\frac{1}{2}$ N. E. $\frac{1}{4}$ being used for W. $\frac{1}{2}$ N. E. $\frac{1}{4}$ ) and an unintentional omission of one parcel of forty acres ( N. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ ) in the defendants title papers. And the prayer was that the deeds to plaintiff might be canceled as a cloud upon the defendant's title. The cause was transferred to Chancery and the plaintiff filed a reply, treating the answer as a cross-bill. He admitted that Linzey Meek had conveyed the lands to Donaldson in 1876, but insisted that this trade had afterwards been rescinded by mutual consent and that Donaldson had surrendered his deed and the possession of the land to his vendor.

The appellant, Keith caused himself to be made a party defendant to the suit and set up sundry tax-titles, founded

upon forfeitures of the lands for non-payment of state and county taxes for the years 1875 and 1876. The decree below was in favor of the plaintiff for all of the lands.

1. TAX TI-
TLE :
  Govern-
ment en-
tries  when
taxable.

The claim of Keith was without merit. These lands were not taxable in 1875-6. This is not because the government had not at that time parted with the legal title, for lands that have been entered an paid for become at once and before emanation of the patent subject to taxation. *Witherspoon v. Duncan*, 21 *Ark*. 240; affirmed on error, 4 *Wall*. 210.

But the reason is that the right of Linzey Meek to a patent was not then complete. He had purchased the land in 1860 from the proper agent of the government, at the price, as he supposed, of twenty five cents per acre; had paid $50 and had received a certificate of entry. But when the transaction was reported to the General Land Office at Washington, it was discovered that the price was seventy five cents per acre. The payment was therefor short by $100; the entry was suspended and the patent was not issued until the deficiency was made good. This was not done until the 27th of October, 1880, when the defendant Diver paid the amount due the Government. Thus an act remained to be done, going to the foundation of Linzey Meek's right, before the equitable title was fully vested in him. *Railway Co. v. Prescott*, 16 *Wall*. 603; *Railway Co. v. McShane*, 22 *Id*. 444.

The defendant, Diver, wholly failed to connect himself with the title of the patentee. His grantor, J. L. Meek, never had any interest, legal or equitable, in the lands. The alleged lost deed from Donaldson to him had no existence in fact. It is apparent from J. L. Meek's own testimony, not only that he had no deed from Donaldson, or from any other person, but that he had no contract with Donaldson in relation to the land. According to his own version, he merely found the deed of his brother, Linzey, to Donaldson

in a house where it had been left when his brother removed from the county. He took possession of the paper and he says he afterwards bought the land from his brother. In this he is not borne out by his brother's evidence and. it is not the title set up in the answer. But if the fact was as he states it, the purchase was a void one for the want of any writing. And it was not taken out of the operation of the statute of frauds by any delivery of possession.

This leaves the plaintiff's title clear to all of the lands which Linzey Meek had not previously conveyed to Donaldson. With regard to them, the attempted cancellation by parol and the surrender by Donaldson of his deed and of the land did not operate to re-vest title in Linzey Meek. In those lands, therefore, Linzey Meek had nothing in 1880-1, which he could convey to the plaintiff. *Cunningham v. Williams*, 42 *Ark.* 170, and cases cited.

2. Title not restored to grantor by surrender of deed to him.

The Donaldson deed does not appear to have been recorded; but the plaintiff bought with a full knowledge of its existence.

The decree is affirmed so far as it relates to W. $\frac{1}{2}$ N. E. $\frac{1}{4}$ and N. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ of sec. 17; but as to the remaining eighty acres, viz : S. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ S. E. $\frac{1}{4}$, it is reversed and a decree will be entered here, dismissing the plaintiff's complaint. No affirmative relief can be given to Diver in respect to these; but he was in possession at the commencement of the suit and that possession must be respected until a better right is shown. Diver is also entitled to his costs in this court.