Campbell v. Jones.

## CAMPBELL V. JONES.

1. DEEDS: *Delivery of: Escrow.*

    A deed cannot be an escrow when it is delivered directly to the grantee.

2. SAME: *Same: Cancellation of.*

    On the execution and delivery of a deed for the conveyance of land, the title vests in the grantee, and he cannot divest himself of it by merely cancelling the deed and surrendering it to the grantor.

3. HOMESTRAD: *Conveyance and exchange of: Exemption.*

    A creditor cannot complain that the conveyance of a homestead is fraudulent as to a debt for the payment of which it is not subject to execution. But where the debtor exchanges his homestead for other real estate, the latter will not be exempt except as a homestead, and to the extent allowed by the Constitution.

4. SAME: *Same.*

    The appellee being the owner of a homestead situated in another State, and not subject to execution there, exchanged it in 1877 for 1600 acres of unimproved lands lying in this State, taking the deed to the latter in his own name, but with the understanding that when he had divided the lands between himself and his children, the deed received should be canceled and deeds executd according to such division. He subsequently canceled the deed by a writing across its face, and surrendered it to the grantor, who then executed to him a deed for 160 acres of the land, and conveyed the residue to his children. The conveyance to the children was without consideration on their part, and they had no knowledge of it until 1882. On a bill filed in 1886 to subject the lands to the payment of a judgment recovered against the appellee in 1885, for a debt existing prior to the exchange of lands, held: (1.) That the title to the 1600 acres having vested in the appellee on the delivery of the original deed to him, the whole of said lands, except such part thereof as he might be entitled to claim as a homestead, became *eo instanti*, subject to execution for the payment of his debts. (2.) That the cancellation of such deed being ineffectual to divest the appellee's title, his children acquired no title by the conveyance which he caused to be made to them. (3.) That no title having ever vested in the children, and the lands conveyed to them being wild and unimproved, the plaintiff's action was not barred as to them by the statute of limitations. (4.) That the appellee having before the recovery of the plaintiff's judgment, fixed his homestead on the 160 acres of land conveyed by the second deed to him, he was entitled to claim its exemption. (5.) That the rest of the lands should be subjected to the payment of the plaintiff's judgment.

APPEAL from *Arkansas* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

*Gibson & Holt*, for appellant.

1.   Appellee could not attack the judgment of the Desha Circuit Court in this collateral proceeding.  *19 Ark., 421; 20 id., 91.*

2.   The evidence fails to establish that the first deed to Jones was an escrow.

3.   The cancellation of the deed from Brown to Jones did not divest the legal title.  *21 Ark., 80.*

4.   The conveyances were clearly in fraud of creditors. *Kent's Com., vol. 4, p. 557; Gantt's Dig., secs. 2955–6; 14 Ark., 69; 8 id., 106; 1 Conn., 525, 542; 8 Ark., 740; 10 id., 225; 22 id., 143; 23 id., 494; 29 id., 407; 32 Ark., 251, 465.*

5.   The homestead laws of a State apply only to its citizens. *34 Ark., 111.*

*W. H. Halliburton*, for appellees.

The burden was on appellant to prove fraud.  *Bump. Fr. Conv., p. 600, 365; 4 Ark., 356; 19 Ark., 168.*

The homestead of Jones, in Iowa, was exempt from Campbell's judgment, and he had the right to dispose of it at will, free from all taint of fraud.  *Bump Fr. Conv., pp. 245, 620; 31 Ark., 567; 43 id., 434; Bogan v. Cleveland, 52 Ark., 101; 9 Kans., 466; 4 So. Law Rev., 7.*   The homestead being exempt, the proceeds are likewise exempt from execution.

The Iowa judgment was certainly no lien on the Arkansas lands.  *Rorer on Int. St. Law, p. 167.*   Nor was the judgment in Desha County a lien on the lands in Arkansas County.  *Mansf. Dig., sec. 3918.*

The appellant is barred.  *21 Ark., 17; Story Eq. Jur., vol. 2, par. 1521 a; Angell on Lim., p. 349; Dan. Chy. Pr., vol. 2, p. p. 736-7 and note 2 to p. 736.*

HUGHES, J.   On the 1st day of August, 1885, appellant recovered a judgment against John C. Jones, one of the appellees, and the father of the other appellees, in Desha Circuit Court, in Arkansas, in the sum of $3661.93, and on the 23d of

·October, 1885, had an execution issued on said judgment, which on 23d of December, 1885, was returned unsatisfied. He then filed his bill in equity to set aside as fraudulent and have declared void as to his debt certain conveyances of land which John C. Jones had procured to be made to himself and to his children by one Talmadge E. Brown. The bill was dismissed and he appealed. John C. Jones owned near Des Moines, Iowa, a forty-acre tract of land, which had been set aside to him as a homestead, and which under the laws of that State could not be taken in execution for his debts. In November, 1877, John C. Jones exchanged his forty-acre homestead with one Talmadge E. Brown for 1600 acres of land in what was then a part of Desha County, in the State of Arkansas, but which was afterwards attached to Arkansas County. He had the deed to the Arkansas lands made to himself, and conveyed his homestead in Iowa to Brown with an understanding at the time the conveyances were made, that he would visit Arkansas, examine the lands purchased of Brown, determine how he would divide them between his children, and that he would then cancel and deliver up Brown's deed to him for the lands, and that Brown would thereupon make deeds according to his division of the lands, and his directions. He canceled in writing across its face Brown's deed to him; he and his wife signed and acknowledged the cancellation and delivered the deed to Brown, who then made to John C. Jones a deed for 160 acres, and to his children deeds for 1440 acres of the Arkansas lands. Two of the children were minors. The lands were wild and unimproved. The father, John C. Jones, settled upon and improved and claims as a homestead the 160 acres conveyed to him. The only consideration for the conveyances from Brown to John C. Jones and his children for the Arkansas lands was the conveyance by John C. the father, of his homestead in Iowa to said Brown. No consideration moved from the children to the father. At the time John C. Jones made this exchange of lands with Brown, there was a

subsisting, unsatisfied judgment against him in favor of appellant, Campbell, in Iowa, where his homestead was situated, and that judgment was the foundation of the judgment in Desha County, Arkansas, and was recovered in the Supreme Court of Iowa on appeal, March 18, 1875. No motion was ever made, or step taken to set aside, vacate or modify the judgment recovered in Desha County, Arkansas, and no good reason is given for the failure by appellee, John C., to make such motion, or take such step, and yet he asks to be allowed to attack the judgment collaterally, which it is hardly necessary to say cannot be done. Appellees insist that the exchange of his homestead in Iowa for the lands in Arkansas was not made to defraud his creditors, but in good faith, and to procure homes for his children; that neither his homestead in Iowa, nor the proceeds of the sale thereof, when sold by him, could have been taken in execution for his debts; that he had a right to reinvest the proceeds of the sale of the same for the benefit of his family, and that the property purchased therewith could not have been taken in execution for his debts; that his homestead in Iowa being exempt, there were no creditors as to it, and that any disposition he might have made of it would not have been a fraud upon his creditors; that having invested his homestead, thus exempt in Iowa, in lands in Arkansas for himself and his children, the lands in Arkansas taken in exchange cannot be taken in execution for this debt. It is also contended for appellees that the deed first made by Brown to John C. Jones, was an escrow, and that the title to the lands described therein did not pass thereby, nor until the conveyances were made by Brown to him and his children, according to John C. Jones' division of the lands, and after the cancellation of the first deed.

But this theory is not supported by the evidence, the preponderance of which, as to this, is, that the deed first made by Brown to appellee, John C. Jones, for all the lands, was delivered to him directly. There is no evidence to the contrary.

Campbell v. Jones.

It is well settled that a voluntary conveyance made to hinder, delay or defraud creditors, is void as to them, the grantor being insolvent without the property so conveyed. *Driggs & Co.'s Bank v. Norwood, 50 Ark., 42; Adams v. Edgerton, 48 Ark., 419; Hershy v. Latham, 46 Ark., 542; Reeves v. Sherwood, 45 Ark., 520; Danley v. Rector, 10 Ark., 225; Leach v. Fowler, 22 Ark., 145; Bertrand v. Elder, 23 Ark., 494; Massey v. Enyart, 32 Ark., 251; Oliphant v. Hartley, 32 Ark., 465; Bennett v. Hutson, 33 ib., 762, 767.*

But it is well settled, that "it is incumbent on a creditor, who complains of fraudulent conveyance, to show that his debtor has disposed of property that might otherwise have been subjected to the satisfaction of his debt. Until this is done no injury appears."

Creditors cannot complain that a conveyance of a homestead is fraudulent as to debts, for the payment of which it cannot be taken in execution. They could not reach it, if not conveyed, and hence the motives for the conveyance do not concern them. *Stanley et al v. Snyder et al., 43 Ark., 430; Erb v. Cole & Dow, 31 Ark., 557; Clark and wife v. Anthony and wife, 31 Ark., 546; Meux v. Anthony, 11 Ark., 411; Hempstead v. Johnston, 18 Ark., 124; Bogan v. Cleveland, ante, 101.* <span>HOME-STEAD: Conveyance of.</span>

But when the deed to the 1600 acres of land in Arkansas was made and delivered to appellee John C. Jones, the title thereto vested in him, and the same became liable, *eo instanti*, to sale under execution for the payment of his debts, except such part as he might be entitled to fix and claim a homestead upon. That it was not competent for him to divest the title thus acquired by simple cancellation and surrender of the deed first made to him by Talmadge E. Brown for the 1600 acres of land in Arkansas, is, we apprehend, well settled. *Byrd et al. v. Jones et al., 37 Ark., 194; Talifero Ex., v. Rawlton, 34 Ark., 503; Neal v. Seigel, 33 Ark., 63; Strann v. Norris, 21 Ark., 80; 13 N. J. Eq., 143; 44 N. H., 438; 9 Pick., 107; 5 Conn., 262; 33 Ala., 264; 11 Mass., 332; 18 Cal., 491; 53 Wis., 36; 1 Glf. Ev.,* <span>CANCELLING DEEDS.</span>

*sec. 265; 4 Allen, 422; 7 Peters, 171; 47 Me., 308; 46 Barb. 122; 3d Head, 562.*

EXEMPTION, ETC.

The appellee, John C. Jones, is entitled to claim and have set aside to him, as a homestead, the 160 acres of land conveyed to him by Talmadge E. Brown and claimed by him as a homestead in his amended answer, and upon which he had fixed his homestead before the commencement of this suit, and before the recovery of appellant's judgment in Desha County. More than this he could not claim under the Constitution and laws of Arkansas, which limit the homestead to 160 acres of land. The title to all the lands sought to be subjected to the payment of appellant's debt having once vested in him, and become subject to his debts (save that which he might claim as his homestead), the appellee, John C. Jones, could not by cancellation of the conveyance to him and the procuring of conveyances to be made to his children, which were voluntary, defeat appellant's right as one of his creditors, to have the land thus conveyed subjected to the satisfaction of his debt.

It is insisted that appellant's right to relief was barred before the commencement of his suit, but the lands were wild and unimproved, and it follows from what has been said that no title ever vested in the children of appellee, John C. Jones, to the 1440 acres of land conveyed to them by Brown, as he had previously conveyed his title to John C. Jones, the father, in whom it still resides, not having been divested by the cancellation and surrender of the first deed made to him for all the 1600 acres of land, by Brown. Besides, in the answers filed by the children of John C. Jones to the appellant's complaint, they aver that they did not know that deeds to the lands had been made to them until 1882. The complaint in this case was filed the 4th of February, 1886.

The decree of the Arkansas Circuit Court in chancery is reversed, with directions to the court below to enter a decree in accordance with this opinion.