53    509
f80    11

## WATTERS V. WAGLEY.

Decided November 8, 1890.

1. *Deed—Divestiture of title by cancellation.*

A grantee cannot divest his title to land by cancellation and surrender of
the deed to the grantor.

2. *Married woman's executory contract.*

A married woman's executory contract to convey land is void.

APPEAL from *Newton* Circuit Court in Chancery.

R. H. POWELL, Judge.

The appellant *pro se.*

1. The Crawfords are estopped by their acts and decla-
rations. 10 Ark., 211; 18 Ark., 142; 24 Ark., 371; 33
Ark., 465.

2. Angia Crawford never did have any legal title. She
mortgaged the land back to Tennyson at the same time she
acquired title, and the legal title remained in Tennyson. 43
Ark., 504.

3. Appellee lost any rights he may have had by failure

to record his mortgage.   Mansf. Dig., sec. 4743;  9 Ark., 112;  40 Ark., 536;  33 Ark., 203.

*Crump & Watkins* for appellee.

The destruction of a deed does not reconvey title.   21 Ark., 80;  33 Ark., 63;  42 Ark., 172.

*Marshal & Coffman* for appellant.

An unrecorded mortgage is good between the parties, but it is not as against a vendee under a verbal contract and in possession.   A contract within the statute of fraud is not absolutely void, but voidable only;  and is binding unless the statute is pleaded.   Wood's Stat. of Frauds, p. 433;  Bish. on Cont., secs. 1238-9.   The defense cannot be made by a stranger;  it is personal.   Bish. on Cont., secs. 1238-9. 49 Ill., 111;  6 Bush (Ky.), 200;  2 So. Rep., 523.

The sale is binding so long as the parties interested do not object to its validity.   32 Ark., 97;  25 Ark., 346; Wood, Stat. Frauds, 878;  Reed, Stat. Frauds, vol. 1, sec. 678;  Brown, Stat. Fr., sec. 135.

No plea of coverture was set up by Mrs. Crawford.   41 Ark., 169;  13 S. W. Rep., 597.   But if pleaded, a lien would exist for the purchase money paid.   39 Ark., 363.

*Crump & Watkins* for appellee.

A contract for the sale of land not in writing is *void*. Wood, Stat. Fr., p. 433;  53 N. Y., 467;  52 N. Y., 494; no claim can be founded upon it as against third persons. Warvelle on Vendors, p. 170, sec. 1.

2. Watters had no lien for the money paid by him.   30 Ark., 686;  39 Ark., 357;  40 Ark., 420;  2 Head, 208; 3 Pom., Eq. Jur., p. 318, note 2;  19 Ark., 27;  Wood, Stat. Fr., pp. 820-1;  80 Am. Dec., 789;  3 Pom., Eq. Jur., sec. 1263, note 2.

HUGHES, J.   Allen Tennison and his wife, Nancy, conveyed a tract of land that belonged to Mrs. Tennison to Angia Crawford, a married woman, who, with her husband, L. D. Crawford, mortgaged part of the same land to Tennison and his wife to secure a balance of one hundred and seventy-five dollars of the purchase money.   About the first of April, 1886, Tennison and his wife assigned the mortgage to J. C. Wagley, the appellee, who brought suit to foreclose the same.   After the assignment of the mortgage to appellee, appellant Watters bought the land mortgaged from Angia Crawford, and, on the 13th of November, 1886, before the mortgage was recorded, took a deed from Tennison and wife for the land, but took no deed from Angia Crawford, who only surrendered up to Tennison and wife their deed to her for the land.   A decree of foreclosure was rendered in favor of appellee, from which appellant has appealed.

There was no conveyance from Mrs. Crawford to Watters; and he obtained no title by the conveyance from Tennison and wife, who had previously conveyed the land to Angia Crawford, as the title of Mrs. Crawford was not divested by the surrender and cancellation, or destruction, of her deed from Tennison and wife.   That title to land cannot be divested or conveyed by the surrender and cancellation of a grantee's deed, has been often decided by this court.   *Campbell v. Jones* and cases cited, 52 Ark., 493.

1.   Divestiture of title by cancellation of deed.

There was no cross-bill by Watters, and the question, whether Watters might have had a lien declared in his favor against Mrs. Crawford for the purchase money he paid her, is not raised in the case.

In the case of *Rockafellow v. Oliver*, 41 Ark., 169, cited by counsel, the court said there was no question of coverture raised, and the case was decided upon the theory that the coverture of Mrs. Oliver at the time she conveyed to Counts could not be considered, and it cut no figure in the case.   If the contract of Mrs. Crawford to sell the land to appellant

2. Married woman's executory contract.

was an executory contract to convey her land, it was void, according to the repeated decisions of this court that a married woman cannot bind herself by an executory contract to convey her real estate.  *Felkner v. Tighe* and cases cited, 39 Ark., 361.

The decree of the court below is affirmed.