## AMES v. AMES.

### Opinion delivered July 9. 1906.

1. DEED—SURRENDER OR CANCELLATION.—Where the title to land passes by delivery and acceptance of a deed of conveyance, the title can not be revested in the grantor by surrender or cancellation of the deed. (Page 11.)

2. SAME—NECESSITY OF ACCEPTANCE.—Acceptance of a deed of conveyance is essential to the passage of title. (Page 11.)

3. SAME—ESTOPPEL TO CLAIM UNDER.—Where, a short time after the execution of a deed, the grantee went to the grantor, and, asserting that he had destroyed the deed and not accepted it because it was not executed in accordance with his wishes, demanded that a new deed be executed to his wife and her children, which was accordingly done,

the grantee in the first deed and his privies are estopped to assert
title thereunder, because to do so would be to perpetrate a fraud.
(Page 12.)

Appeal from Benton Chancery Court; *T. H. Humphreys,*
Chancellor; affirmed.

*McGill & Lindsey,* for appellant.

1. The title to the land vested in D. D. Ames upon delivery
to, and acceptance by, him of the first deed; and the second deed,
although made at his request, conveyed no title or interest, either
legal or equitable.   21 Ark. 80; 42 Ark. 170; 43 Ark. 203; 52
Ark. 493; 53 Ark. 509.

2. When the deed was executed and delivered to Ames, his
receiving and retaining it without objection at the time was a
sufficient acceptance.   9 Am. & Eng. Enc. Law (2 Ed.), 161-2;
3 Wash. Real. Prop. (4 Ed.), 296-7; 53 Am. St. Rep. 545.

3. It is immaterial that the second deed was recorded be-
fore the first, since appellee was not a *bona fide* purchaser with-
out notice.   23 Am. & Eng. Enc. Law (2 Ed.), 476 *et seq.;* 24
*Id.* 119 *et seq.; 27* Ark. 6.

*J. A. Rice,* for appellee.

One who surrenders a deed by which his title could be sup-
ported and directs his grantor to convey to another is estopped
to claim as against the latter.   3 Neb. 140.   Ames could not im-
peach the title of appellee vested in her by himself.   63 S. W.
509; 64 S. W. 25; 68 S. W. 420; 40 Ark. 238.   If he ever had
title, the facts in the case estop him from asserting it against his
grantees, and he was powerless to vest in appellant a right he
did not have.   As grantee and privy, she also is estopped.   4
Am. & Eng. Dec. in Eq. 319, 321, 371.

McCULLOCH, J.   Appellee, Clara Ames, an infant suing by
next friend, instituted an action in ejectment against appellant,
Lina Ames, to recover a tract of land containing forty acres
situated in Benton County.   The cause was by consent of parties
transferred to equity, and the chancellor rendered a decree in
favor of the plaintiff, canceling the defendant's claim of title and
awarding the land to the plaintiff.   The plaintiff, Clara Ames,
is the daughter of one D. D. Ames and his former wife, Soph-
ronia, and the defendant, Lina Ames, is the divorced wife of D.

D. Ames. Ames has been married three times, and as many times divorced. Sophronia, the mother of Clara, was his second wife, and defendant, Lina, was his last or third wife. In 1893 he purchased the land in controversy from H. A. Gramling and Elizabeth Gramling, and they executed and delivered to him a deed conveying the land to him. A few weeks later he went back to the Gramlings, and represented to them that the deed was not satisfactory to him because he wanted and expected them to convey the land to his wife, Sophronia, and children by her, and that he had not accepted it. He represented to them that he had destroyed the former deed, and thereby induced them to execute a new deed, conveying the land to Sophronia for life, or as long as she remained his wife or widow, with remainder over to the issue of their marriage. Subsequently the plaintiff, Clara, was born. Ames obtained a divorce from his wife, Sophronia, on account of her misconduct, and intermarried with the defendant, Lina Ames. This marriage occurred in 1897, more than four years after the execution of said deeds. In January, 1898, D. D. Ames and his wife, Lina, joined in the execution of a deed to one Cross, purporting to convey the land, and on the same day Cross executed a deed to Lina, purporting to convey the land to her, and she now claims title under said deed. Prior to the commencement of this suit, D. D. Ames obtained a divorce from defendant Lina.

The deed executed by the Gramlings to D. D. Ames was not recorded until about the time that he executed the deed to Cross. The deed from the Gramlings to Sophronia Ames for life with remainder over to her children was recorded shortly after its execution.

The case turns upon the question whether or not the title passed to D. D. Ames under the first deed executed by the Gramlings. Appellant claims that the deed was delivered, that the title passed thereby, and that the subsequent agreed surrender of the deed to the Gramlings did not reinvest them with the title so as to enable them to convey it to Sophronia and her child. D. D. Ames testified that he did not accept the deed. He stated, on examination as a witness, that he intended to have the conveyance made to his wife, Sophronia, but that the notary public who prepared the deed and took the acknowledgment left it at his house

with his wife during his absence; that on his return home the same day he read it and told his wife to destroy it, as the title was not conveyed in accordance with his wishes; that he left home the next day, and was absent on business for about a month; that immediately upon his return he saw H. A. Gramling and told him the deed was destroyed, and that he wanted them to execute a new deed in accordance with his wishes, which they (the Gramlings) agreed to execute, and did execute, as before stated; that he thought his wife had destroyed the old deed until several years afterwards when the defendant Lina found it and induced him to join in the conveyance to Cross. He also testified that he told the defendant of the deed to Sophronia and the child, but that she recorded the old deed and insisted on his joining in the deed to Cross, which he says he did "for the sake of peace."

Mr. George, the notary public, testified, in contradiction of Ames's statement, that the first deed was prepared in accordance with Ames's instructions, and that the latter accepted it in that form without objection. The chancellor found that the first deed was delivered to and accepted by Ames, but that he elected to cause the land to be conveyed to his wife, Sophronia, and daughter, and that, though the last deed executed by the Gramlings was ineffectual to convey the legal title, D. D. Ames held the legal title as trustee for his wife, Sophronia, and child, Clara, the plaintiff.

It is settled by repeated decisions of this court that where the title to land passes by delivery and acceptance of a deed of conveyance, the same can not be re-vested in the grantor by surrender or cancellation of the deed. *Strawn* v. *Norris,* 21 Ark. 80; *Cunningham* v. *Williams,* 42 Ark. 170; *Diver* v. *Friedheim,* 43 Ark. 203; *Campbell* v. *Jones,* 52 Ark. 493; *Watters* v. *Wagley,* 53 Ark. 509.

It is equally well settled that an acceptance of the deed by the grantee is essential to the passage of the title. 13 Cyc. p. 570 and cases cited.

The evidence is conflicting as to whether or not D. D. Ames ever in fact accepted the first deed when it was executed and delivered to him, but it is undisputed that in a short time thereafter he went to the grantor and, asserting that he had destroyed the deed and had never accepted it because it had not been exe-

cuted in accordance with his wishes and directions, demanded the execution of a new deed to his wife and her children. The grantor accepted his statement as true, and executed and delivered the new deed. Can he or his grantee, where no rights had intervened between the dates of the two deeds, be heard to assert now that he had in fact accepted the deed, and that the title had passed to him thereunder? We think not. His statement which induced the execution of the new deed must now be conclusively held to have been true. He and his grantee are estopped to deny its truth.

There are many cases to the effect that where a grantee surrenders his deed to the grantor, and induces him to execute a new deed to another purchaser for value, he is estopped to assert title under the old deed, because to do so would be to perpetrate a fraud. This court has so held. *Strawn* v. *Morris,* 21 Ark. 80; *Neal* v. *Speigle,* 33 Ark. 63; *Taliaferro* v. *Rolton,* 34 Ark. 503.

In those cases there was no claim on the part of the grantee, as an inducement to the grantor to execute another deed, that he had not accepted the deed. The surrender was for the sole purpose of revesting the title in the grantor to enable him to make a new deed. In the case at bar the facts are much stronger. Though the second deed was not made to a purchaser for a new consideration, the grantee, Ames, represented to the grantor that he had never accepted the first deed. Now, the acceptance or nonacceptance of a deed by a grantee is, under doubtful circumstances, a matter largely within the knowledge of the party himself; and where he afterwards plainly and unequivocally manifests his non-acceptance, and thus influences the conduct of his grantor, it ought to close the door to further inquiry on the subject, whether the rights of innocent purchasers for value have been built up under the new deed or not. Neither he nor his grantee should be permitted to say thereafter that he had in fact accepted the deed, and that the title passed to him thereunder.

The decree must, therefore, be affirmed. It is so ordered.