SIMMONS *v.* SIMCO.

4-4241

Opinion delivered March 30, 1936.

*Lonnie Batchelor,* for appellants.

*Partain & Agee,* for appellees.

MEHAFFY, J. On February 18, 1924, Al Simco and his wife, Lena Simco, executed and delivered to their son, Tom Simco, a deed conveying the property therein described to said Tom Simco. The undisputed facts show that the deed was executed and delivered to Tom Simco and that he immediately went into possession of the land

conveyed. Some time thereafter he delivered the deed to his mother for safekeeping. It had not been recorded. The original deed conveyed the property to Tom Simco in fee simple, and after the deed was delivered to Mrs. Simco for safekeeping, Mrs. Simco testified that her husband suggested that he would like to have Mr. Stockard look over it, and some time later he brought it back. She did not look at the deed then, and did not know it was not just like it was when she signed it, until Tom had a chance to sell it; that during all that time Tom was in possession of the property. She testified that the original deed was a simple warranty deed, duly acknowledged, and that the words, "and the heirs of his body," was not in the deed when she signed it.

Al Simco, father of Tom Simco, testified that he and his wife executed the deed and acknowledged it before Alfred Creekmore, and that Tom went into possession of the property. He also testified that he obtained the deed from his wife, took it to Mr. Stockard, and that Stockard said something about the children might need it some day, and Mr. Stockard just put into the deed the words "and the heirs of his body." He testified that this was some time after the deed was executed and given to Tom, and after he had gone into possession of the property. His idea for putting this in the deed was that the Simco land should stay in the Simco name.

Tom Simco and his wife, Iva Simco, brought this suit in the Crawford Chancery Court against the appellants, asking that the deed be reformed so as to speak the truth, by striking therefrom the expression "and heirs of his body" wherever it appears in the deed, and that the deed be reformed and corrected so as to show that the lands were conveyed in fee simple as the deed showed originally. A guardian *ad litem* was appointed for the minors, and filed answer denying the material allegations in the complaint. The appellants, Al Simco and Lena Simco, and Alma Lee Simmons, filed no answer and made no defense.

The facts are practically undisputed, and the only question is whether the grantor, after executing, acknowl-

edging and delivering the deed, had the right to make the change by adding in the deed the words above quoted. The chancellor entered a decree correcting the record to make it speak the truth by striking out the words "the heirs of his body" wherever they appeared in the deed, and corrected the deed so as to make it read as it did when originally executed and delivered. The case is here on appeal.

After a deed is executed, acknowledged and delivered to the grantee and the grantee takes possession of the property, the grantor does not have the power thereafter to change such interests without the grantees' consent, and, in order to change the title to the property in any way, it is necessary for the grantee to convey to the grantor. In other words, after a deed has been executed, acknowledged and delivered, the title vests in the grantee, and there is nothing the grantor can do to divest the title out of the grantee. "After a deed has passed title to the grantee, it has performed its office as an instrument of conveyance, and its continued existence is not necessary to the continuance of title in the grantee, and the estate remains in him until it has passed to another by some mode of conveyance recognized by law. Therefore the destruction of a deed of conveyance by or at the instance of the grantee, does not reinvest the grantor with a legal title." 18 C. J. 406; 8 R. C. L. 1028; Strawn v. Norris et al., 21 Ark. 80; Campbell v. Jones, 52 Ark. 493, 12 S. W. 1016; Ames v. Ames, 80 Ark. 8, 96 S. W. 144; White v. Moffett, 108 Ark. 490, 158 S. W. 505. If the grantor could change a deed after it had been delivered by inserting the words that were inserted in this deed, he could make any other change that he desired, but the law will not permit the grantor to make any change in the deed after it has been delivered. It is not contended in this case that the grantee consented to the change.

Appellant argues that it was the intention of the grantor to convey this property to Tom Simco during his life. There is, however, no evidence in the record tending to show any such intention. It is also argued

that the deed was a gift. It may have been, but the deed itself shows the consideration to be $1 and other valuable considerations; but a grantor would have no more right to change the deed after delivery if it were a gift than he would if its market value had been paid for it.

The chancery court was correct in ordering the changes in the deed so as to make it read as it originally did, and the decree is therefore affirmed.