or care was necessary for him to use while standing on the box performing his work, in order to avoid the injuries that he received, or appreciated the danger of the failure to use such caution, or had received the necessary instruction and warning before the injury, is a question for the jury.

Reversed and remanded for a new trial.

Hemingway, J., did not sit in this case.

---

## LONG v. LANGSDALE.

### Opinion delivered May 21, 1892.

*Innocent purchaser—Prior unrecorded conveyance.*

> One who purchases land in good faith and for a valuable consideration and enters into possession acquires a good title as against the unrecorded title of a prior purchaser from the same grantor.

Appeal from Miller Circuit Court in Chancery.

W. S. EAKIN, Special Judge.

*E. F. Friedell* and *John Hallum* for appellants.

The fee to lands sold by the United States remains in the government until transferred by patent. 132 U. S. 239; 13 Pet. 36; Lester, Land Laws, 665. The statute does not begin to run until the patent issues. 13 Wall. 99; 132 U. S. 239.

*Scott & Jones* for appellees.

An unrecorded deed is not permitted to prevail against a subsequent purchaser without notice. Tiedeman on Real Property, sec. 816; 2 Kent, Com. (5th ed.) sec. 456; 23 Ark. 735.

HEMINGWAY, J. Both parties claim the land in controversy under transfer from Mary E. Spear. The deed to the plaintiffs was prior in date, but was not recorded until after the transfer to the defendant, his

entry upon the land, and the institution of this suit. The court found that the defendant purchased the land for a valuable consideration, without notice of the prior transfers from Mrs. Spear, believing in good faith that she owned the land. There is nothing in the abstract or brief of plaintiff challenging this finding of fact, and we accept it as correct. Upon it, the judgment for the defendant was proper.

Affirm.

---

NIX v. DRAUGHON.

Opinion delivered May 21, 1892.

1. *Judicial sale—Inadequate price.*

Exceptions to the confirmation of a judicial sale will not be sustained because the property sold for an inadequate price if no offer is made to advance the bid.

2. *Sale of land in a body—Exception.* ·

Where defendant made no objection to a decree condemning his land to be sold as one tract, he cannot, after sale, for the first time, object that it was not sold in subdivisions.

Appeal from Miller Circuit Court in Chancery.

C. E. MITCHEL, Judge.

Draughon and Allen Bros. obtained judgment against Nix foreclosing a mortgage upon two tracts of land situated in the City of Texarkana, given to secure a debt of $1950. A commissioner was appointed to sell the property. After making the sale he filed his report, showing that he had complied with the order of the court and had sold each tract of land, one for $1000 and the other for $800, and that they were bid off by plaintiffs. To the confirmation of this report, defendant filed exceptions, as follows :