WESTERN UNION TELEGRAPH COMPANY *v.* CHILTON.

Opinion delivered October 9, 1911.

1. TELEGRAPHS AND TELEPHONES—MENTAL ANGUISH.—In an action against a telegraph company for failure to transmit a telegram, a recovery of mental damages will be sustained, though the contract was made in Missouri, if there was evidence that the negligence complained of occurred in this State. (Page 299.)

2. SAME—PRESUMPTION OF NEGLIGENCE.—Upon proof that a telegram has been received for transmission, the charges being paid, and that the telegram was not delivered, a *prima facie* case of negligence is established, which the telegraph company must overcome in order to exonerate itself. (Page 300.)

Appeal from Mississippi Circuit Court; *W. J. Lamb,* Special Judge; affirmed.

### STATEMENT BY THE COURT.

This is a suit by appellee to recover of appellant damages for mental anguish alleged to have been caused appellee through the negligence of appellant in failing to deliver a telegraph message informing appellee of the death of his child at Campbell, Missouri. Appellee alleged that the message was delivered to the agent of appellant at Campbell, Missouri, and the charges paid for transmission to appellee, who was at that time at Chickasawba, Arkansas; that if the message had been delivered to him he would have attended the funeral of his child.

The answer of appellant denied all the material allegations of the complaint. The testimony shows that on the morning of November 1, 1909, a friend of appellee, delivered to the agent of appellant, at Campbell, Missouri, a telegram addressed to appellee at Chickasawba, Arkansas. The message was as follows: "Come home at once; your baby is dead." The witness stated that he handed the message to the agent, and paid him 25 cents, the amount charged for transmission; that, "after he handed the message to the agent, he (the agent) placed it on the table before him, and turned to the keyboard instantly, and tapped on it a few times, and turned to the witness and said, 'All right,' and he marked 'O. K.' on the message; that about three hours later he returned to acertain if a reply had been received to the message." The agent stated that he had not received a reply, "but" said he, "I suppose they have got it." The appellee on the morning of November 1 was at the hotel about "half of a quarter" from the telegraph station. He did not receive a telegram advising him of the death of his child. On behalf of appellant it was shown that the most direct route for handling the message in controversy was through Paragould; that Paragould was the relay station for handling such messages; and that the customary way to send them was through Paragould. There were no stations on the Missouri side of the line from Campbell to Paragould between Campbell and the line. There were three or four on the Arkansas side through which the telegraph

wires run. It was shown that the agent at Paragould did not, on the 1st day of November, or near that date, handle the message in suit. But the witness for appellant also testified on cross examination that "the two possible routes for the message would have been by way of Paragould, or Pine Bluff and Memphis. If it came by Memphis, it would have come to this Frisco office over here. If there had been some difficulty of the operator at Campbell getting the message by way of Paragould, he might and could have sent it around the other route. In that event it would have come to this office." It might have been transmitted by Black at Campbell, Missouri, and come into Arkansas, and the negligence occurred in this State for all that witness knew. "I suppose, as a matter of fact, they do sometimes send a message around the other way. In case there was some difficulty on the part of the operator at Campbell in getting the message through by Paragould, he might and could have sent it around the other way. Operators do not send messages unless they get an answer to their call from the other end of the line. It would be the duty of the receiving operator to be where he could hear the calls of his station to take the messages." The witness had no other idea but that he was in his office on the 1st and 2nd of November.

The appellant duly objected and excepted to the ruling of the court in giving and refusing instructions. Reference will be made to these in the opinion.

The verdict and judgment were in favor of appellee in the sum of $500.

*Geo. H. Fearons, E. H. Mathes* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. This being a Missouri contract, there can be no recovery, since in that State recovery for mental anguish is not allowed. 116 Mo. 34; 93 Ark. 415, 420.

In actions for tort the burden of proof is on the plaintiff. Kirby's Digest, § § 3106, 3107.

2. Without proof of negligence occurring in Arkansas, there can be no recovery. Not only has appellee failed to show such negligence, but the proof on the part of appellant affirmatively shows that the message never reached this State. 73 N. Y. Supp. 1077.

Appellee *pro se.*

1. When the plaintiff showed that the message was delivered to defendant's agent at Campbell, Missouri, properly addressed, and the fee for transmission and delivery to the addressee was paid, and that the message was never delivered to the addressee, a *prima facie* case was made out, upon which the presumption of negligence arose, and the burden of excusing or justifying that negligence devolved upon the defendant. 53 Ark. 442; 5 Am. St. Rep. 795; 57 Ark. 435; 6 Am. St. Rep. 211; 37 Cyc. 1731; 110 S. W. 930; 83 Am. Dec. 199; 54 *Id.* 93; 82 *Id.* 707.

2. Appellant's claim that the negligence occurred in Missouri, and not in Arkansas, was a matter of affirmative defense, the burden to show which rested upon the appellant from the records and evidence in its possession and peculiarly within its knowledge. Failure to produce such evidence raises the presumption that such evidence if produced would have been adverse to the appellant. 55 Am. Dec. 678; 1 Wharton on Ev. § 367; 81 N. Y. 532.

WOOD, J., (after stating the facts). Appellant contends that there can be no recovery on the contract in this case because the contract was made in Missouri, and in that State damages for mental anguish are not allowed; citing *Connell* v. *Western Union Tel. Co.*, 116 Mo. 34. Appellant further contends that there can be no recovery for negligence in failing to deliver the telegram because it is not shown that the negligence occurred in this State. Citing *Western Union Tel. Co.* v. *Crenshaw*, 93 Ark. 415. These contentions can not be sustained. While it is true that the cause of action under the statute grew out of a contract that was made in Missouri, yet the negligent breach of that contract, constituting the tort, is sufficiently shown by the evidence to have occurred in this State, and that under our statute makes the cause of action complete for damages for mental anguish. The testimony of the sender of the message on this point was: "That he handed the telegram to the agent, and that the agent placed it on the table before him, and turned instantly to the keyboard and tapped on it a few times, and turned to witness, and said, 'All right,' and marked 'O. K.' on the message, and later, in reply to the inquiry as to whether he had received

a reply, the agent stated he 'supposed they had got it.' "
There was also testimony to the effect that there were no sta-
tions on the Missouri side of the line between Campbell and
Paragould.   It was further in evidence that operators do not
send messages unless they get an answer to their call from the
other end of the line.   This testimony fully warranted the jury
in finding that the telegram had been sent by the agent in
Missouri to the agent in Arkansas.   The acts of the agent
with reference to the message at the time indicated that he was
sending the message, and, as he could not send it without some
one at the other end of the line answering his call, if he was send-
ing it over the customary route to Paragould, it must have
been an agent in Arkansas that was answering the call.   The
answer of the agent to the inquiry as to whether he had re-
ceived a reply also tended to show that the message had been
sent by him.   True, the testimony of the agent at Paragould
to the effect that he was the only operator there, and that he
did not handle the message in suit, tended to show that the
message had not been sent, and to rebut the testimony above
on behalf of appellee tending to show that the telegram had
been sent.   This testimony on behalf of appellee and appellant
made it peculiarly a question for the jury to determine whether
the telegram had been sent by the agent in Missouri to the agent
in Arkansas, and their finding that it had been sent is fully
warranted by the evidence.

We find no error prejudicial to appellant in the instructions.

The court correctly charged the jury in its instruction
No. 5 that if they found from the evidence that the message was
delivered to the company at Campbell, Missouri, for trans-
mission to Chickasawba, Arkansas, and that all charges were
paid, then the presumption arises that it was duly transmitted
to its destination and delivered;   that if the evidence showed
that the message was not delivered, this would not overcome
the presumption that the message was sent to its destination.
This instruction is predicated upon the presumption that the
agents at the points where the message is received for trans-
mission and delivery have done their duty.   A message could
be received for transmission and sent to its place of destination
and received there by the agent, and yet not be delivered to
the sendee through some negligence of the company thereafter.

Hence the *prima facie* case of negligence that is made upon the failure of the company to transmit and deliver a telegram that has been received for transmission and the charges paid therefor is not overcome merely by proof that the telegram was not delivered to the sendee.　The case under the evidence comes well within the 'well-established rule that whenever the plaintiff shows a *prima facie* case of injury against the defendant, and shows resultant damages, there arises a presumption of negligence on the part of the defendant, which he must overcome in order to exonerate himself.　See *Western Union Tel. Co.* v. *Short,* 53 Ark. 434, 442; *Ark. Tel. Co.* v. *Ratterree,* 57 Ark. 435.

The instructions, on the whole, conformed to this principle, and were correct.

The judgment is affirmed.

KIRBY, J., dissenting.