## WHITE *v*. MOFFETT.

Opinion delivered June 9, 1913.

1. DEEDS—INNOCENT PURCHASER—UNRECORDED PRIOR CONVEYANCE.—One who purchases land in good faith for a valuable consideration and without notice of any adverse claim thereto, acquires a good title as against the unrecorded title of a prior purchaser from the same grantor. (Page 496.)

2. DEEDS—PRIOR RECORDED INSTRUMENTS AS NOTICE TO PURCHASER.—A purchaser of real estate must take notice of all prior recorded instruments at the time of his purchase. (Page 496.)

3. DEEDS—PRIOR RECORDED INSTRUMENTS—CONSTRUCTIVE NOTICE—DUTY TO MAKE INQUIRY.—A person purchasing an interest in land takes with constructive notice of whatever appears, in the conveyance constituting his claim of title, and if anything appears in the conveyance sufficient to put a prudent man on inquiry, which, if inquired into with ordinary diligence, would lead to actual notice of some right or title in conflict with that he is about to purchase, it is his duty to make the inquiry, and if he does not make it, he is guilty of bad faith or negligence, and the law will charge him with the actual notice he would have received if, he had made inquiry. (Page 496.)

4. DEEDS—BONA FIDE PURCHASER—BURDEN OF PROOF.—Where a party who has purchased land relies upon the defense of being a *bona fide* purchaser, and shows that he paid a valuable consideration, the burden of showing that he purchased with notice is upon the party alleging it, or who relies on the notice to defeat the claim of a *bona fide* purchaser. (Page 497.)

5. APPEAL AND ERROR—INSUFFICIENT PROOF.—Where defendant in the trial below objected to the introduction of evidence offered by the plaintiff, and his objection was sustained, he can not be heard to insist that he should recover because there was no proof offered by the plaintiff on the issue. (Page 497.)

6. APPEAL AND ERROR—ISSUE NOT RAISED BELOW.—Question not raised below will not be considered on appeal. (Page 497.)

7. DEEDS—LOSS—EFFECT.—Where a deed is effective to pass title to lands, its effect can not be divested by loss or destruction. (Page 497.)

8. DEEDS—LOSS—SUBSEQUENT DEED.—Where a deed was lost before being recorded, a subsequent deed to another party, with notice of the first deed, conveys no title. (Page 498.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellees, John B. Moffett and others, brought this suit in ejectment for a certain forty acres of land in Miller County, Arkansas, particularly describing it, alleging that they were the owners thereof and the children and heirs of N. R. Moffett, who died seized and possessed of said land on December 4, 1905, leaving them, his children and Frankie Moffett, his widow, surviving

him. They deraigned their title to said tract of land through a deed from Thomas P. Carroll to their father, N. R. Moffett, of date November 4, 1901, which was alleged to have been lost or misplaced, and that it was placed of record in Miller County June 12, 1906.

Benjamin F. White filed a separate answer, denying that appellants were the heirs of N. R. Moffett, and the owners and entitled to the possession of the lands claimed, and also that N. R. Moffett died seized and in possession thereof, or that he was ever the owner of the said land, as claimed. The defendant deraigned title through a chain of conveyances set out, the first one a warranty deed from T. P. Carroll and wife, executed to Frankie Moffett on January 6, 1905, recorded January 6, 1905. Then follows a deed from her, conveying the land to Sam Johnson on January 18, 1905, recorded March 24, 1906. Sam Johnson and wife conveyed same by warranty deed to Charles H. Cline on March 13, 1908, which was recorded March 14, 1908, and Charles H. Cline and wife conveyed same by warranty deed to appellant, White, on June 11, 1908, which was recorded on August 5, 1908. The answer also alleged that White was the owner and entitled to the possession of the land and that the deed from T. P. Carroll and wife to Frankie Moffett, and from Frankie Moffett to Sam Johnson, already referred to, were both placed of record before the alleged deed in the complaint, relied upon by appellees. Denied information sufficient to form a belief as to the deed relied upon by appellees was ever executed or that the consideration therein mentioned was ever paid.

From the testimony it appears that T. P. Carroll and wife, in consideration of the sum of three hundred dollars, one hundred dollars of which was paid in cash and two notes for $100 each, due January 1, 1903, and one due January 1, 1904, conveyed the lands by warranty deed to N. R. Moffett, November 4, 1901, which was not filed for record until June 12, 1906, after the deeds from said Carroll and wife conveying the same land to Frankie Moffett, the widow of N. R. Moffett and from her to Sam

Johnson were both recorded. It was also shown that appellees were the children of N. R. Moffett, who purchased the lands before his marriage to Frankie Moffett, who was his third wife, and that he lived on the place as his homestead until the time of his death, and that the widow continued to reside thereon until 1905 and 1906, and died in 1908.

Carroll testified that he sold the land to N. R. Moffett, made him a deed thereto, but did not remember the date and that later, after his death, his widow stated to him that the deed was lost and had not been recorded, and demanded that he make a deed to the place to her which he did, after a consultation with a justice of the peace, upon the payment by her of between $80 and $100, the balance of the purchase money which was still due. He said, "The reason I made this second deed was that the other deed was lost or destroyed, or something, and she was willing to go before a justice of the peace and swear that it was lost or destroyed, and they told me that I could make the deed." That Moffett lacked between $80 and $100 of paying for the land when he died. He was not married when he purchased the land, but married shortly thereafter.

There was also testimony tending to show that Frankie Moffett had no property and there was some testimony indicating that there was some cotton on hand at the time of Moffett's death. The deed from Carroll and wife to Moffett conveying the land was introduced in evidence, as were also the others set out in the answer. Mr. Cline testified that he bought the land from Sam Johnson in March, 1908; that he had an abstract of the title furnished and talked with J. D. Sanderson, who was an abstracter, and had been recorder of Miller County for some years, and was told the title to the land was all right. He also, after being furnished the abstract, submitted it to an attorney and had him investigate the title and that he declared that it was all right. That he knew of no one making any claim of ownership to the lands adverse to Sam Johnson, except the bank's claim,

for the lien shown on the said abstract, and had no knowledge of any claim by the heirs of N. R. Moffett, and learned for the first time about the middle of November, 1911, that they were making claim of ownership to the lands. That Sam Johnson was in control and possession of the lands when he purchased them. He also stated that he did not examine the record, but he examined the abstract furnished him, read it, and employed an attorney, who pronounced it all right and the title good.

White testified that he was the owner of the lands and purchased them from his brother-in-law, Cline, who assured him that he had made investigation as to the title and that it was perfect; that he also examined the abstract and could see nothing wrong with the title. That he had lived on the forty acres of land adjoining the one in question for three or four weeks before purchasing it and did not hear at any time of any one making claim to it until the fall of 1911; never heard of the Moffetts before their claiming title; that Sam Johnson was in possession of the land at the time he bought it, but acknowledged his right and delivered possession to him upon demand, and he had paid the taxes thereon ever since.

Appellee offered testimony to show that Sam Johnson was not an innocent purchaser of the land, but upon objection of appellant the court refused to allow the testimony to be introduced. After the testimony was all in the court instructed the jury to return a verdict for appellees and from the judgment thereon this appeal is prosecuted.

*William H. Arnold* and *Gustavus G. Pope,* for appellant.

1. The deed from Carroll to Frankie Moffett and the deed from her to Sam Johnson were both recorded prior to the recording of the deed from Carroll to N. R. Moffett. Johnson acquired a good title. 56 Ark. 223; 70 Ark. 256. Appellant acquired a good title when he purchased from Johnson through Cline, notwithstand-

ing N. R. Moffett's deed was recorded prior to such purchase.

The record of a deed which is not in line of a party's title is not constructive notice to him. 99 Ark. 447; 76 Ark. 525; 147 S. W. 70; 104 S. W. 36; 78 Fed. 563; 69 Ark. 99; 87 Ark. 492. The vendee of a *bona fide* purchaser stands in the same attitude as his vendor and is entitled to the same protection. 49 Ark. 207.

The continuous chain of title back to Carroll, the payment of taxes and the adverse possession of Frankie Moffett and Sam Johnson justified Cline and appellant in accepting the title as good. 90 Ark. 149; 101 Ark. 163.

2. If appellant had consructive notice of the claim of the Moffett heirs, yet he would have an equitable interest in the land by virtue of the amount paid by Mrs. Moffett to satisfy the balance of the vendor's lien retained by Carroll, and also the taxes paid since that date. 84 Ark. 283; 69 Ark. 198; 43 Ark. 498.

One who holds land under an equitable title can not be ejected therefrom. 85 Ark. 25.

*E. F. Friedell,* for appellees.

1. The recording of the deed from Carroll to N. R. Moffett long before Cline and White bought was notice to them, and they can not be innocent purchasers. Kirby's Dig., § 762; 69 Ark. 447; 75 Ark. 230; 92 Tex. 558; 84 Ark. 12; 50 Ark. 327; 35 Ark. 103.

2. The destruction of a deed though not recorded, will not operate to revest the title in the grantor. Carroll's deed to Mrs. Moffett was inoperative. 80 Ark. 9; 42 Ark. 173; 52 Ark. 497; 21 Ark. 80.

KIRBY, J., (after stating the facts). It is contended by appellant that since the deed from Carroll to N. R. Moffett, the father of appellees, was not placed of record until more than two years after the deeds made by said Carroll and wife to Frankie Moffett, his widow, and from her to Sam Johnson, conveying the land, had been recorded, that they were not bound to take notice of same, it not being in their chain of title, and that in any

event their grantor, Sam Johnson, was an innocent purchaser of the lands and that they acquired all his rights, as such, without regard to the record of said conveyances.

There is no question but that one who purchases land in good faith for a valuable consideration and without notice of any adverse claim thereto, acquires a good title as against the unrecorded title of a prior purchaser from the same grantor. *Long* v. *Langsdale*, 56 Ark. 239; *Penrose* v. *Doherty*, 70 Ark. 256. It is also a well established principle of law that a purchaser of real estate must take notice of all prior recorded instruments in the line of his purchased title. *Thompson* v. *Bowen*, 87 Ark. 492.

It is equally true that, ''A person purchasing an interest in lands 'takes with constructive notice of whatever appears in the conveyance constituting his chain of title.' If anything appears in such conveyance 'sufficient to put a prudent man on inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of some right or title in conflict with that he is about to purchase, it is his duty to make the inquiry, and if he does not make it he is guilty of bad faith or negligence,' and the law will charge him with the actual notice he would have received if he had made it.'' *Gaines* v. *Summers*, 50 Ark. 327; *Stroud* v. *Pace*, 35 Ark. 103.

Appellants insist that since the deed from Carroll and wife, the common source of title, to N. R. Moffett, appellees' father, was not placed of record until more than two years after the deed from Carroll and wife to Frankie Moffett and her deed to Sam Johnson conveying the same lands were recorded, that they were not bound by constructive notice thereof, nor required to look for the record of any such conveyance or instrument, it not being in their chain of title.

We do not deem it necessary to determine whether they were bound to take notice of such deed from its record, for the reason that both the appellant and his immediate grantor had notice in fact of the deed from

Carroll to N. R. Moffett, at the time of their purchase of the land, the abstract of·title furnished them showing such deed, although it was shown to be recorded after the deeds to Frankie Moffett and Sam Johnson, already referred to, were put of record.

Of course, if Sam Johnson was an innocent purchaser of the land, appellant having succeeded to his title, would also be entitled to the same protection as an innocent purchaser, and in *Osceola Land Co.* v. *Chicago Mill & Lbr. Co.*, 84 Ark. 1, this court said:

"When a party relies upon the defense of being a *bona fide* purchaser and shows that he has paid a valuable consideration, the burden of showing that he purchased with notice is upon the party alleging it, or who relies on the notice to defeat the claim of a *bona fide* purchaser." Appellant contends in his argument that Sam Johnson was a *bona fide* purchaser, although the answer does not allege it, and that his deed recites a valuable consideration paid, and there being no evidence tending to show that he was not such purchaser, that the court erred in its direction of a verdict. Appellees realized at the time of the trial that the burden was upon them to show notice on the part of Sam Johnson to defeat the claim that he was a *bona fide* purchaser of the lands and offered to prove this fact, but the court, upon objection of appellant, declined to receive, and rejected such proof, and he can not be heard now to insist that he should recover the lands because there was no proof, showing that Sam Johnson, a grantor in his line, was not an innocent purchaser, when the proof of such fact was rejected upon his objection. The case can not be tried here on an issue not raised below. *Newton* v. *Russian,* 74 Ark. 92; *Schenck* v. *Griffith,* 74 Ark. 562.

The deed from T. P. Carroll and wife to N. R. Moffett, appellees' father, was effectual to pass the title to the lands, which could not be divested by the loss or destruction of such deed of conveyance.

*Cunningham* v. *Williams,* 42 Ark. 170, 12 S. W. 1216, 6 L. R. A. 783; *Campbell* v. *Jones,* 52 Ark. 493; *Ames* v.

*Ames,* 80 Ark. 9; *Foster* v. *Elledge,* 153 S. W. 819, 106 Ark. 342.

Appellants had actual notice of this deed before purchasing the lands and knew that it was prior in time to Carroll's deed to Frankie Moffett, and her deed to Sam Johnson, under which he claims title, and he can not occupy the position of a *bona fide* purchaser for value without notice. Carroll and his wife, having conveyed the title to the lands by the deed to N. R. Moffett, had no title thereafter and the second deed to Frankie Moffett did not operate to convey any.

It follows that appellees were entitled to recover the lands, and the court did not err in directing the verdict.

The judgment is affirmed.