WESTERN UNION TELEGRAPH COMPANY *v.* HEARN.

Opinion delivered November 17, 1913.

1. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE PROMPTLY—BURDEN OF PROOF.—Where the evidence shows that defendant telegraph company was negligent in failing to deliver a message promptly, the burden is on it to account for the delay, so as to free itself of the charge of negligence. (Page 180.)

2. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE PROMPTLY—NEGLIGENCE.—Where a telegraph company receives a message for transmission on Sunday, it is no defense to an action for damages for failure to deliver the same promptly, that its wires were down between the place of sending and of receiving the message, and that its lineman refused to repair the break, because it was Sunday. (Page 180.)

3. TELEGRAPH COMPANIES—DUTY TO ACCEPT MESSAGE ON SUNDAY.—A telegraph company has the legal right to refuse to accept messages on Sunday, but if it accepts a message for transmission on Sunday, it is bound to exercise diligence to transmit and deliver the same. (Page 180.)

4. PLEADING—ISSUE—HOW RAISED.—Where plaintiff brought suit on a contract which provided that notice of a claim thereunder must be presented within sixty days, but failed to set out in the complaint an allegation showing compliance with the provision, the issue is

nevertheless tendered, where defendant, in its answer, denies that notice was given within sixty days. (Page 181.)

5. APPEAL AND ERROR—INVITED ERROR.—A party can not, on appeal, take advantage of a defect in the proof which was brought about by a ruling of the court made at its own request. (Page 181.)

6. TELEGRAPH COMPANIES—CONTRACT EXEMPTING FROM LIABILITY.—A telegraph company can not lawfully stipulate for exemption from responsibility on account of negligence of its own servants. (Page 182).

Appeal from Pike Circuit Court; *Jeff T. Cowling,* Judge; affirmed.

*George H. Fearons, Rose, Hemingway, Cantrell & Loughborough,* and *W. C. Rodgers,* for appellant.

1. The message which is the foundation of the action, contains the stipulation that the company will not be liable for damages or statutory penalties where the claim is not presented within sixty days after the filing of the message for transmission. This stipulation is a reasonable one, and is a condition precedent to appellant's right of recovery; yet performance of the condition by appellant was not pleaded nor proved. 54 Ark. 221-223; 80 Ark. 554-558; 94 Ark. 336-338; 109 N. C. 527; 79 Tex. 65; 4 Enc. Pl. & Pr. 633-662; 84 Tex. 313.

2. The facts show that there was no negligence whatever in the transmission or delivery of the message, unless appellant's inability to get its wire up on Sunday can be construed as negligence. The lineman had the right to follow the dictates of his own conscience, and refuse to do the work on Sunday; and, while a corporation may request its servants to do work on Sunday which, in the province of the law would be proper, yet the statute law can not rest in any person or corporation the right to compel a citizen to work on Sunday against his will. Art. 2, § 24, Constitution, 1874; Kirby's Dig., § 2030; 20 Ark. 289-291; 85 Ark. 134-136; 56 Ark. 124; 58 Ark. 1; 18 Md. 341-357.

Ordinary risks of delay from accidents to the line are assumed by the sender and addressee. Fed. Cas. No. 4004.

3. The message provided that there could be. no

greater amount recovered than the toll exacted except upon payment of an additional charge for repeating. The sender elected to send the message at the ordinary twenty-five-cent toll. The election and all the stipulations of the message are binding upon the addressee as well as upon the sender. 80 Ark. 554; 57 Kan. 230; 130 Cal. 657; 64 Fed. 459; 79 Tex. 65; 46 W. Va. 48; 15 Mich. 525. The limit and value of recovery was fixed in the message at $50 even in case of negligence. 226 U. S. 491; 33 Sup. Ct. Rep. 391.

*S. S. Langley* and *A. P. Steel,* for appellee.

1. Appellant will not be permitted to raise the issue of the sixty days' limitation in this court for the first time. It is clear from the record that the case was tried on the theory that the notice was given. 95 Ark. 539; 75 Ark. 76; 81 Ark. 561; 82 Ark. 260; 88 Ark. 189; 89 Ark. 308.

2. The evidence is sufficient to establish negligence on the part of the appellant. The transmission of telegraph messages is a necessity, and the labor necessary to transmit a Sunday message is in the same class as the transmission of mail and passengers. The company received the message on Sunday, and the action is for negligence in transmitting and delivering the message, under the statute. 96 S. W. 148.

Before appellant can avail itself of the wire troubles as a defense, the burden is on it to show that the wire troubles were not due to its own fault or negligence. 100 Ark. 1.

McCulloch, C. J. The plaintiff, Mrs. Jennie Hearn, instituted this action against the Western Union Telegraph Company to recover damages on account of alleged negligent failure of appellant to deliver a telegram, apprising plaintiff of the death of her father. She alleges and attempts to prove that, if the telegram had been delivered with reasonable promptness, she could, and would, have reached the place where her father died in time to attend the funeral, and that she suffered mental anguish by reason of being deprived of that privilege.

The plaintiff lived at Roseboro, Arkansas, a point on the railroad north of Gurdon, and her father, R. B. Alexander, lived at Whelen, Arkansas, a railroad point south of Gurdon. Her father died at Whelen early in the morning on Sunday, October 6, 1912, and about 10 o'clock that morning, one Stone delivered to defendant's telegraph operator at that place a message directed to plaintiff in the following language:

"Father died about 1 o'clock. Come at once."

The customary toll was paid, and the message was accepted. If the mesasge had been delivered at any time prior to 7 o'clock P. M., Monday, October 7, plaintiff could have gotten a train at Roseboro which would have carried her to Whelen in time to reach there several hours before the funeral occurred; but the telegram was not delivered until shortly after 8 o'clock on October 7, which was too late to get a train or any other mode of conveyance to the scene of the funeral. The body could not be kept over another day, and plaintiff was thus deprived of the privilege of attending her father's funeral.

She recovered damages at the trial in the sum of $250, and the amount of the verdict is not challenged as being excessive.

The operator at Whelen transmitted the message to Little Rock, and thence it was sent to Gurdon, reaching there about 2 o'clock P. M. Sunday. It was sent over the railroad wire, because of the fact that the commercial wire was not in use except during the office hours of that day, which were limited to the hours between 8 A. M. and 10 A. M., and from 4 P. M. to 6 P. M. The Gurdon operator attempted to forward the message to Roseboro, but found the wires down, and an effort was made to have the wires repaired, but the linemen on duty at that place, refused to work because it was Sunday. The operator also testified that he tried to telephone the message to Roseboro, but found that the telephone wire to Gurdon was also out of use. The message was sent through early Monday morning soon after the telegraph line was repaired, and, as before stated, was delivered about 8

o'clock, but too late for plaintiff to catch the morning train.

There is evidence to the effect that the telegraph wire between Gurdon and Roseboro went down on the evening or night of October 5.

We are of the opinion that the evidence was sufficient to sustain a finding of negligence which warranted the award of damages, and that the court did not err in refusing to give a peremptory instruction. There was an unreasonable delay in transmitting and delivering the message, and the burden was on the defendant to account for the delay, so as to free itself of the charge of negligence. *Western Union Telegraph Company* v. *Chilton,* 100 Ark. 296. The message reached Gurdon at 2 o'clock P. M. on Sunday, and appellant had from then until 7 o'clock the next morning to forward and deliver it in time for the train which plaintiff might have caught. The evidence tends to show that the line was down the evening before, and reasonable diligence might have discovered its condition even before the Sunday hours began. There was no attempt to show that the trouble with the wires was discovered at the earliest moment, and effort made to repair it. *Western Union Telegraph Company* v. *Bickerstaff,* 100 Ark. 1. But, be that as it may, defendant, having accepted the message on Sunday, it was its duty to exercise reasonable diligence to transmit it to destination, and it does not free itself from the charge of negligence merely by showing that its linemen on duty at Gurdon refused to work. The trouble with the line might have been a trifling one which could have been easily remedied by some one else. The fact that it was Sunday did not relieve the defendant of exercising diligence to repair its line and deliver a message which it had received for transmission, and the fact that its linemen refused to work on that day was no excuse for failing to transmit a message which it had accepted for that purpose. It had the legal right to refuse to accept messages on Sunday, but, having done so, it was bound to exercise diligence to transmit and deliver the same. The refusal of

the lineman to perform his part of the work necessary to complete the transmission of the message is chargeable to the company, and renders it liable. *Arkansas & Louisiana Ry. Co.* v. *Lee,* 79 Ark. 448.

It is contended that the plaintiff's action must fail because she failed to allege and prove that she gave notice to the company within sixty days of her intention to claim damages. The blank upon which the message was written contained the usual stipulation that "the company will not be liable for damages or statutory penalties in any case where claim is not presented in writing within sixty days after the message is filed with the company for transmission." It is not alleged in the complaint that this provision of the contract was complied with, but the answer contains a paragraph denying that the contract in that respect was complied with. Thus, notwithstanding the omission of such an allegation in the complaint, the answer set up this failure on the part of the plaintiff to comply with the contract as a defense to the action, and the issue was thus tendered. No objection was made to the sufficiency of the complaint by demurrer, or otherwise. Counsel for appellant, in their brief, call attention to the fact that, during the progress of the trial, the plaintiff offered to introduce testimony to the effect that this clause of the contract was complied with, but, upon their objection, the court excluded the testimony. Appellant, by its own act in objecting to the testimony, eliminated this issue from the case, and it is too late now to raise the issue for the first time here. *White* v. *Moffit,* 108 Ark. 490. A party can not on appeal take advantage of a defect in the proof which was brought about by a ruling of the court made at his own request.

Nor is there any merit in the contention that the damages must be limited to the sum of $50 by reason of the stipulation to that effect in the contract. It has long been the rule of this court that a common carrier can not lawfully stipulate for exemption from responsibility on account of negligence of its own servant. *St. Louis, I. M. & S. Ry. Co.* v. *Lesser,* 46 Ark. 236. Carriers may, for a

reasonable consideration, stipulate against contractual or common law liabilities, express or implied, but it is contrary to public policy to permit them to stipulate against responsibility for their own acts of negligence. *St. Louis, I. M. & S. Ry.* v. *Weakley,* 50 Ark. 397. Besides, a statute of this State expressly declares that "telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section, the jury may award such damages as they conclude resulted from the negligence of the said telegraph company." Kirby's Digest, § 7947.

This is a positive statutory provision which can not be changed by contract, for the reason, as before stated, that it is contrary to public policy to allow a public service corporation to stipulate against liabilty for its own negligence.

There are objections made to the rulings of the court in giving and refusing instructions, but after a careful consideration of the record, we are of the opinion that all the issues were properly submitted to the jury, and that there was no error. A discussion of each assignment separately is useless, as no new question is involved. The case was properly submitted to the jury, and the evidence is found sufficient to sustain the verdict, so the judgment is affirmed.