HOLLAND BANKING COMPANY *v.* HAYNES.

Opinion delivered June 26, 1916.

1. BILLS AND NOTES—ACTION ON NOTE—BONA FIDES—BURDEN OF PROOF. —When the holder of a negotiable instrument shows that he purchased it before maturity in the usual course of business, for a valuable consideration, a *prima facie* case is made, and it becomes the duty of the defendant, who has alleged it, to show that the purchaser had knowledge of such facts as required him to take notice of the defense existing in favor of the makers.

2. SALES—SALE OF STALLION—BREACH OF GUARANTY.—The purchasers of a stallion executed a note in payment, the seller giving a guaranty as to performance, but the contract providing the way in which the guaranty should be enforced. *Held,* in an action on the note by an innocent holder, that the maker could not set up as a defense that the horse was not worth the price paid, or was not a sure breeder, when he failed to follow the course prescribed by the contract in the event such was the case.

Appeal from Franklin Circuit Court, Charleston District; *James Cochran,* Judge; reversed.

STATEMENT BY THE COURT.

This suit was instituted by the appellant to recover on three certain promissory notes aggregating $2,800, the amount thereof less credits of $200.00.

The notes are dated June 10, 1910, and due and payable in equal amounts on the 1st day of September, 1912, 1913 and 1914. They were given for the purchase money of a Percheron stallion, sold and delivered by the Holland Stock Farm of Springfield, Mo., to Wallace Haynes, et al.

The appellant banking company purchased the notes on September 17, 1910.   At the time of the sale of the stallion, the seller and the makers of the notes entered into a written contract, in which the seller guaranteed the horse to be a satisfactory sure breeder and gave the buyers the privilege of returning him to the seller at Springfield, Mo., within a certain specified time, provided the horse with proper care and treatment failed to fulfill the warranty, as to being a satisfactory sure breeder, in which event the buyers were to select another horse of like kind and price from the seller, without expense to themselves and it was also agreed that if the buyers would have the horse insured for one year for the sum of $1,000, that the seller would in the event of his death within the time, replace him with another horse of like kind.

The purchasers made no complaint whatever to the seller of dissatisfaction with the stallion until after September 1, 1912, the due date of the first note and when it was sent for collection and they did not return nor offer to return and deliver to the seller the horse at Springfield, Mo., in accordance with the contract.

The notes are ordinary joint and several promissory notes, agreeing to pay the specified amount to the order of the Holland Stock Farm at the bank of Charleston, in Charleston, Ark., with 6 per cent. interest, payable annually, from date until paid, signed by Wallace Haynes and twelve others.

The undisputed testimony shows that the appellant bank purchased the notes for a valuable consideration and before maturity and the seller and purchaser thereof both testified that neither had any notice of any defect or infirmity in the paper at the time of the sale nor of any defense thereto.   There was some testimony however of certain facts and circumstances from which an inference of notice might have been chargeable to the purchaser. The undisputed testimony also shows that no complaint was ever made to the seller of the stallion nor any claim that he had failed in any respect to come up to the warranty until after the time specified therein for his return

and exchange in case he did not prove satisfactory, had expired.

Appellees introduced certain testimony tending to show the horse was in fact of very little value as compared with the price agreed to be paid therefor.

The court instructed the jury, giving over appellant's objection certain instructions, telling it the burden was on the plaintiff to show by a preponderance of the testimony that it was a purchaser of the notes in good faith, for a valuable consideration, in the usual course of business before maturity, without any knowledge of existing defenses thereto and told the jury that if they found the amount already paid on the notes was the fair market value of the horse at the time he was purchased, they would find for the defendants unless they found plaintiff was an innocent purchaser of the notes. It also refused to instruct a verdict for plaintiff.

From the judgment on the verdict against it, the banking company prosecutes this appeal.

The appellant, *pro se.*

1. A verdict should have been instructed for appellant. The bank was an innocent purchaser, for value, before maturity. None of the defenses set up were proven. The horse was not returned, and no offer made to return. 101 S. W. 1179; 138 *Id.* 635; 97 *Id.* 18; 166 *Id.* 953.

2. Oral testimony to vary the terms of a written contract is not admissible. 95 Ark. 131; 107 Ark. 349; 158 *Id.* 500; 141 U. S. 510; 112 Ark. 165. The notes were negotiable. 61 Ark. 80; 153 U. S. 233. The only defense available is want of power in the makers and illegality of consideration. 41 Ark. 242. The testimony proves that the notes were assigned before maturity. 41 Ark. 242; 31 *Id.* 20; 48 *Id.* 454.

3. Appellant was an innocent purchaser. Instruction No. 1, to find for plaintiff should have been given. 94 Ark. 100; 61 *Id.* 81; 113 Ark. 28. Because the notes were taken "without recourse does not make the transaction out of due course." 80 Ark. 212; 14 Pa. St. 14; 11 Me. 253; 3 R. C. L. § 273-3. This was a negotiable note. 3 R. C. L. § 49.

4. The instructions were erroneous.    13 Ind. 388;
108 Ark. 490.

*T. A. Pettigrew* and *Holland & Holland,* for appellees.

1. In all essential features this case is the same as
180 S. W. 978.    The facts differentiate this case from 156
S. W. (Mo.) 953 and 121 Ark. 171.

2. Verbal testimony is always admissible to prove
fraud.    Jones on Ev. (2 ed.) 547; 2 Enc. of Ev. p. 498;
87 Ark. 614; 75 *Id.* 79.

3. The instructions in their entirety declare the law.
If there was any error it was harmless.    92 Ark. 392; 8
Words and Phr. 6934.

KIRBY, J., (after stating the facts.)    (1) The court
erred in giving said instructions.    When the holder
of a negotiable instrument shows that he purchased it
before maturity in the usual course of business for a
valuable consideration, a *prima facie* case is made and
the burden of proof shifts to the defendant who alleges
it to prove that the purchaser had notice or knowledge
of such facts as required him to take notice of the de-
fense existing in favor of the makers.    *White* v. *Moffett,*
— Ark. —, 158 S. W. 505; *Keathley* v. *Holland Banking
Co.,* 166 S.W. 953, — Ark. —.

(2) The purchasers of the horse could not have
defended against the payment of the notes in the hands of
the seller on the ground that the horse was of a less market
value than the price agreed to be paid therefor in the notes
or failed to come up in performance to the terms of the
guaranty, since the contract of guaranty provided the
exclusive method of settlement if the stallion should not
prove as warranted.    *Highsmith* v. *Hammonds,* 99 Ark. 403.

The undisputed testimony shows that no notice of
dissatisfaction as to the condition or performance of the
stallion was given to the seller until long after the time
designated in the contract for his return in accordance with
the terms of the contract, if he should prove unsatisfactory
and not as warranted, nor was any attempt made to re-
turn him and receive another in his place in accordance
with the terms of the contract.    It was likewise undisputed

that the purchasers did not insure the stallion in accordance with the agreement that they might do so in the contract of guaranty and had no claim against the seller on that account.

Since the testimony does not disclose that the makers on the note had any legal defense thereto, the court likewise erred in not directing a verdict for appellant.

The judgment is reversed and judgment will be entered here in appellant's favor, for the amount of the notes sued on. It is so ordered.