Norman Hogan et al *v.* Clara Belle Hogan

5-3971                                    407 S. W. 2d 735

Opinion delivered November 7, 1966

*Guy H. Jones,* for appellant.

*Lynn R. McClinton,* for appellee.

Hugh M. Bland, Justice. This is an action to set aside a deed from Dan Hogan to his daughter, Danna Fleming, conveying 38 acres, more or less, in Faulkner County, Arkansas.

Dan Hogan died testate in Faulkner County, Arkansas on February 3, 1965 survived by appellee, his widow, and by several children of prior marriages, including appellants. At the time of his death and for several years prior thereto, he held title to and was in possession of the 38 acres in dispute which was his home place. The deed sought to be cancelled was, according to appellants' testimony, executed on December 16, 1963 at Greenville, Mississippi and mailed to her in Texas with instructions not to mention the conveyance or record the deed. Appellee knew nothing about the deed and it was not recorded until after Dan Hogan's death. Appellant Danna

Fleming contends that she kept the deed until about three months after Dan Hogan's death then sent it to her brother to have it recorded. When it was returned to her she put it on the refrigerator and possibly one of her children cut it up or it got into the washing machine.

Appellee claims that she was the residuary devisee under the will of Dan Hogan which was admitted to probate on April 30, 1965. Appellee was housekeeper for Dan Hogan for approximately 11 years before they were married on January 16, 1964. By amendment to her complaint she complained that Dan Hogan had promised her that if she would take care of him for the rest of his life that he would will to her the 38 acres involved in this action. The will of Dan Hogan was executed on February 4, 1964. The deed in question was recorded on April 8, 1965.

On August 23, 1965 appellant Norman Hogan, by use of force and firearms, ran the appellee away from the premises, moved in and remained in possession of the property until the date of the decree in this case.

Trial was held on November 18, 1965 and the court held that the deed from Dan Hogan to appellant Danna Fleming be cancelled, set aside and held for naught and that the appellee be in possession of said property, retaining jurisdiction to determine rental value of the land from August 23, 1965 until date of the decree. From that judgment comes this appeal and appellants rely upon one point: That the trial court erred in cancelling and setting aside the deed from Dan Hogan, made, executed and delivered on December 16, 1963 to Danna Fleming, his daughter.

Even if we could believe the doubtful circumstances surrounding the execution, delivery, recording and loss of the deed from Dan Hogan to appellant Danna Fleming, there would still be only a question of law involved in this case. That question is whether appellee is an innocent purchaser for value of the premises as devisee

under the will of Dan Hogan, deceased. We find no conflict in the evidence as to whether or not appellee had knowledge of the conveyance. Ark. Stat. Ann. § 16-115 (Repl. 1965) provides:

"Unrecorded instruments invalid against subsequent purchaser.—No deed, bond, or instrument of writing, for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, hereafter made or executed, shall be good or valid against a subsequent purchaser of such real estate for a valuable consideration, without actual notice thereof; or against any creditor of the person executing such deed, bond, or instrument, obtaining a judgment, or decree (which by law may be a lien upon such real estate), unless such deed, bond, or instrument, duly executed and acknowledged, or proved, as is or may be required by law, shall be filed for record in the office of the clerk and ex officio recorder of the county where such real estate may be situated."

In *Harrison* v. *Harrison,* 198 Ark. 64, 127 S. W. 2d 270, we said:

"The law is well settled in this state that if, shortly before marriage, the future husband conveys away his real estate, without the knowledge of his betrothed, the courts will set aside such conveyance. This court said in the case of *Roberts* v. *Roberts, Admx.,* 131 Ark. 90, 96, 198 S. W. 697; 'In 9 Ruling Case Law, page 591, it was said: "That the wife's right of dower is a substantial property right, entitled to protection by the courts, is perhaps most strikingly shown in action by her to set aside conveyances made by the husband for the purpose of defeating her expectation (though not yet vested even as in inchoate right) of dower. If shortly before a marriage, the future husband conveys away his real estate without consideration, and without the consent or knowledge of his betrothed, with the

purpose and result of unfairly depriving her of dower, the courts will set aside the conveyance as a fraud upon her rights; and even the fact that it was made for a valuable consideration will not save it, if the grantee participated in the intent to defraud the wife." Numerous cases are cited which support the test.

In our recent case of *West* v. *West,* 120 Ark. 500, 179 S. W. 1017, we stated our own views on this subject in the following language: "This brings us to a consideration of the law governing cases of this character. The general rule is that if a man or woman convey away his or her property for the purpose of depriving the intended husband or wife of the legal rights and benefits arising from such marriage, equity will avoid such conveyance or compel the person taking it to hold the property in trust for or subject to the rights of the defrauded husband or wife. Perry on Trusts and Trustees, (6th Ed.) vol. 1, § 213; Bishop on The Law of Married Women, vol. 2, § 350; *Smith* v. *Smith,* 2 Halstead Ch. (N. J.) 515; *Leach* v. *Duvall,* 8 Bush. (Ky.) 201; *Dearmond* v. *Dearmond,* 10 Ind. 191; *Collins* v. *Collins,* 98 Md. 473, 57 Atl. 597, 103 Am. St. Rep. 408, (1 Ann. Cas. 856) and case note".'

This rule has recently been approved in the case of *O'Connor* v. *Patton,* 171 Ark. 626, 286 S. W. 822."

The evidence is undisputed that the appellee performed her part of the bargain and took care of Dan Hogan until his death.

In this case we are not bound by the rule that a parol contract to execute a will may be enforced in equity only where the agreement is established by clear, cogent and convincing testimony because in this case there was an executed contract by both Dan Hogan and appellee which will be specifically enforced in equity against the prior unrecorded deed with the deceased re-

maining in possession of the property and with the appellee having no knowledge of the unrecorded deed. This places the appellee in the position of being an innocent purchaser for value in possession and with title to her vested by the will, relating back to the death of Dan Hogan and prior to the recording of the deed. *Long* v. *Langsdale,* 56 Ark. 239, 19 S. W. 603; *Halbrook* v. *Lewis,* 204 Ark. 579, 163 S. W. 2d 171.

The decree of the chancellor is affirmed with jurisdiction retained in the chancery court for the purpose of determining the amount of rent due from appellants to appellee.

Affirmed.