FORD MOTOR CO. ET AL *v.* LANELL G. TRITT, ADM'X

5-4486                                              430 S. W. 2d 778

Opinion delivered September 3, 1968

[Original opinion delivered May 13, 1968.]
[Rehearing granted September 3, 1968]

CONLEY BYRD, Justice. In our original consideration of this case, *Ford Motor Co. v. Tritt, Admx.*, 244 Ark.

883, 430 S. W. 2d 778 (1968), we reversed the judgment entered in favor of appellee because there was no evidence in the record to show that the defect in the rear axle of the pickup truck was the proximate cause of the collapse of the wheel attached to the hub thereof.

On rehearing appellee contends that this court should not reverse a case because of the exclusion of admissible evidence that was excluded at the request of the party claiming that the record is insufficient for lack of such proof. For authority appellee cites *White* v. *Moffett*, 108 Ark. 490, 158 S. W. 505 (1913), and *Western Union Telegraph Co.* v. *Hearn*, 110 Ark. 176, 161 S. W. 1025 (1913).

In the *Western Union* case the telegraph company claimed that Mrs. Hearn's cause of action should fail because she did not allege and prove that she gave notice to the company within sixty days of her intention to claim damages. This was required by the blank upon which the message was sent. After pointing out that Mrs. Hearn's offer of proof to show compliance with the sixty-day stipulation had been excluded by Western Union's objection, it was there held that a party can not on appeal take advantage of a defect in the proof that was brought about by a ruling of the court made at his own request.

To the same effect, see *Zainudin* v. *Meizel*, 259 P. 2d 460, (Cal. Ct. App. 1953); *Pataray* v. *Lee Hing*, 37 Hawaii 14 (1944); and *Union Pacific Ry. Co.* v. *Harris*, 63 Fed. 800 (8th Cir. 1894). The reasoning behind the rule is stated in the *Union Pacific* case as follows:

"... The defendant will not be allowed to thus take advantage of his own wrong, or the errors of the court induced on his own motion, and then compel the plaintiff to suffer the consequences. Such a proceeding would be the merest trifling with the court.

. . . If the rule were otherwise it would encourage and reward unfounded and groundless objections to the plaintiff's evidence . . ."

The record here shows that Dr. Cushman, except for an objection by appellants sustained by the trial court, would have testified that the wobble caused by the defective axle could have caused and would have caused the eventual breakdown of the wheel. The trial court, after examination upon voir dire, had ruled that Dr. Cushman was a competent expert to testify on the subject. We find that the exclusion of the proffered testimony was erroneous.

Under the authority of the *Western Union* and *White* cases, *supra,* it follows that the rehearing must be granted and the judgment of the lower court affirmed.